# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STANTON CAMPBELL GRIFFIN,

    Plaintiff,

v.

CITY OF LAKE ELSINORE, et al.,

    Defendants.

Case No. 2:17-CV-00730-KJD-VCF

**ORDER**

    Before the Court is Defendants' Motion to Dismiss (#8). Plaintiff, Stanton Campbell Griffin, responded (#15), to which Defendants replied (#23).

I. Background

    Plaintiff, Stanton Campbell Griffin, received a parking ticket in Lake Elsinore, California in March 2014. Griffin unsuccessfully challenged the parking ticket in California municipal courts through numerous appeals. Griffin alleges that no signs were posted indicating that parking was not permitted at the time he was ticketed. Having been denied what he considered justice on his parking ticket complaint, Griffin has filed this case alleging numerous violations of his constitutional rights by those involved in his parking ticket grievance.

    All defendants are California residents or entities. The City of Lake Elsinore ("City"), is a municipality in Riverside County, California. Fred Lopez is a City employee and issued the ticket.

John Van Doren is a hearing officer for the City. The Citation Processing Center is in Newport Beach, California. Diana Giron is a Deputy City Clerk. Leah Park is a City employee. Robert Rancourt, Elaine Kiefer, and Albert Wokcik are judges in Riverside County. Senator Pamela D. Harris represents California in Congress. Mr. Beardsley's position and role as a defendant are unclear.

Griffin filed his Complaint (#1) in the United States District Court for the District of Nevada on March 14, 2017. Defendants have now moved to dismiss the complaint for lack of personal jurisdiction and improper venue.

II. Analysis

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377(1994). Before the merits of the case may be considered, the Court must determine if it has jurisdiction and if the suit has been filed in the proper venue.

A. Personal Jurisdiction

The Fourteenth Amendment limits the personal jurisdiction of state courts. See, e.g., World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980); International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement, 326 U.S. 310, 316–317 (1945); Pennoyer v. Neff, 95 U.S. 714, 733 (1878). Federal courts follow state law in determining the bounds of their personal jurisdiction. Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014) (quoting Daimler AG v. Bauman, 134 S.Ct. 746, 753 (2014). Nevada's long arm statute extends to the limits of the Constitution's Fourteenth Amendment limits. See Nev. Rev. Stat. § 14.065.

Plaintiff bears the burden of establishing personal jurisdiction, either general or specific. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). General jurisdiction applies when a party's relationship with the forum is systematic and continuous, and the party is essentially "at home" in the state. Id.; see also International Shoe, 326 U.S., at 317. Specific personal jurisdiction depends on an affiliation between the forum and the parties that relates to the underlying controversy. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011).

"On a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden to establish jurisdiction." Lee v. City of Los Angeles, 250 F.3d 668, 692 (9th Cir. 2001). To establish personal jurisdiction over a defendant, the plaintiff must show that: "(1) defendants purposefully availed themselves of the privilege of conducting activities in [Nevada], thereby invoking the benefits and protections of its laws; (2) [their] claims arise out of defendants' [Nevada]-related activities; and (3) the exercise of jurisdiction would be reasonable." Lee v. City of Los Angeles, 250 F.3d at 692.

The Complaint (#1) alleges that Defendants are California residents. There are no allegations that Defendants have connections of any kind to Nevada. Defendants have not "availed themselves" of the laws and benefits of Nevada. Not only are Defendants not "at home" in Nevada, there are no aspects of the current controversy related to Nevada. Griffin's allegations do not arise out of any Nevada-related activities, as the ticket and appeals all occurred in California, particularly in the City of Lake Elsinore. Nevada courts do not have jurisdiction over Defendants for this controversy.

When defendants challenge jurisdiction in their motion to dismiss, the burden is on the plaintiff to establish jurisdiction. See Lee v. City of Los Angeles, 250 F.3d 668, 692 (9th Cir. 2001). By failing to address arguments in an opposition, a party effectively concedes a claim, making dismissal proper. See Jenkins v. County of Riverside, 398 F.3d 1093, 1095 n. 4 (9th Cir. 2005); see also Walsh v. Nev. Dep't of Human Res., 471 F.3d 1033,1037 (9th Cir. 2006) (where opposition to a motion to dismiss failed to address arguments in the motion to dismiss, the plaintiff effectively abandoned the claim to relief).

Griffin's response to Defendants' motion to dismiss does not address the Court's lack of personal jurisdiction over Defendants. It is Griffin's burden to establish the jurisdiction of this Court. See Lee, 250 F.3d at 692. The Court agrees with Defendants that this Court lacks personal jurisdiction. Further, absent any opposition or argument from Griffin that the Court does have jurisdiction, per Jenkins, dismissal for lack of personal jurisdiction is appropriate. Therefore, the Court grants Defendants' motion to dismiss.

B. Venue

Even if the Court could exercise personal jurisdiction, it would dismiss the case for improper venue. Venue refers to the geographic specification for the proper court for a civil action and is independent of considerations of jurisdiction. 28 U.S.C. § 1390. Cases initially filed in federal court must be filed in the correct venue. 28 U.S.C. § 1391(a). The appropriate venue is defined as follows:

> A civil action may be brought in-
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. 1391(b).

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in Section 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under Section 1406(a)." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 577 (2013).

1. Defendants are not residents of Nevada

The first prong of the venue statute provides that venue is proper in any district in which a defendant resides, if all defendants reside in the same state. 28 U.S.C. 1391(b)(1). All Defendants are residents of the same state. However, they are residents of the state of California and not Nevada. Nevada is not a proper venue based on the first prong of the venue statute.

2. Events did not take place in Nevada

The second prong of the venue statute states that venue is proper where a substantial part of the events in controversy occurred. 28 U.S.C. 1391(b)(2). In this case, the events in controversy took place in the City of Lake Elsinore, and more broadly in Riverside County California. Nevada is not a proper venue based on the second prong of the venue statute.

4

### 3. Defendants are not subject to Nevada jurisdiction

The third prong of the venue statute says that if there is no otherwise proper venue, then venue is proper in any court with personal jurisdiction over defendants. 28 U.S.C. 1391(b)(3). The third prong of the venue statute is not reached in this case because venue would be valid only in California, based on Section 1391(b)(1-2). Defendants are all either California entities or California residents. The events forming the basis of this controversy took place entirely in California. Finally, Defendants are not subject to personal jurisdiction in Nevada. Thus, even if California was not a valid venue, Nevada would still not be a proper venue.

Thus, even if the Court could exercise jurisdiction, which it cannot, the action would be dismissed for Plaintiff's failure to file the action in the appropriate venue.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#8) is **GRANTED**;

**IT IS FURTHER ORDERED** that the present action is **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that all other motions are **DENIED as moot**.

DATED this 28th day of June 2017.

_____
Kent J. Dawson
United States District Judge